IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:17cr107-RJC

FILED
CHARLOTTE, NC
APR 2 0 2018
US District Court
Western District of NC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| MEHRET KIBROM ZEMHRET, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1.  The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

    - **A forfeiture money judgment in the amount of $49,800, such amount constituting the profit that Defendant retained from the amount of property involved in the offense to which Defendant pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of involved in property as defined in 18 U.S.C. § 982 and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied;**

    - **The following substitute property:**

        o  **Any and all interest of Defendant in Asmara, LLC, which owns the real property at 1403 N. Bond St., Baltimore, Maryland, 21213, provided, however, that the United States will request dismissal of the LLC from this Consent Order if Defendant timely effectuates a sale of the real property described below;**

        o  **The real property at 1403 N. Bond St., Baltimore, Maryland, 21213, more specifically described by Deed Reference 15972/0068, and District and Property Tax ID 08-08-1138-002, provided, however, that Defendant agrees**

1

**to market and attempt to sell the real property for a period of six months from the date of this Consent Order and the Government agrees to permit her to do so, provided that she obtains express written approval from the Government before entering into a contract for sale or closing on a sale and that she ensures that $49,800 in sale proceeds are paid to the United States. If Defendant is able to close a sale to which the Government agrees and disburse funds to satisfy the money judgment as set forth herein, the Government agrees to request dismissal of the real property from this Consent Order. If Defendant is not able to close a sale within six months, Defendant agrees that this Court may finally forfeit and the Government may sell the real property, but the Government shall only retain enough proceeds to pay reasonable and necessary costs of maintenance and sale of the real property plus $49,800, and shall remit any remaining proceeds (after the payment of the sum reasonable and necessary costs plus $49,800 to the Government) to Defendant or to a third party petitioner as otherwise ordered by this Court.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the Defendant's sentence, and the United States may take steps to collect the judgment from any property of the Defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

The parties stipulate and agree that the aforementioned asset(s) constitute property involved in the offense to which Defendant pled guilty, and/or substitute property, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(p), and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_/s/ [signed] FOR_
BENJAMIN BAIN-CREED
Assistant United States Attorney

_/s/_
MEHRET KIBROM ZEMHRET
Defendant

_/s/_
JAMES BRADLEY SMITH
JILLIAN D. SWORDS
LAURA M. COBB
Attorneys for Defendant

Signed this the 20th day of April, 2018

_/s/ Robert J. Conrad_
HON. ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE

3